FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 13 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

MICHAEL D. ALCORN and
MILDRED A. ALCORN                                                      PLAINTIFFS

vs.                                      NO. ___3:13-cv-00182 JLH/BD___

UNITED STATES OF AMERICA;
GEORGE K. COVERT, M.D.;                      This case assigned to District Judge _Holmes_
JESSICA ANN JOHEIM, M.D.;                    and to Magistrate Judge____DEERE____
EMCARE PHYSICIAN SERVICES, INC.;
JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3                                 DEFENDANTS

## COMPLAINT

Comes the plaintiffs, Michael D. Alcorn and Mildred A. Alcorn, by and through their attorneys, McDaniel & Wells, P.A., and Rodney Chedister, Attorney at Law, and for their Complaint against the defendants allege and stated:

1.     That this action arises under the Federal Tort Claims Act, Title 28 U.S. Code, § 1346(b), 2671, et seq.

2.     That his Court has jurisdiction over the claims against the individual defendants pursuant to 28 U.S.C. § 1367 because the claims against the United States of America (hereinafter referred to as V.A.), and the claims against the individual defendants, arise from a common nucleus of operative facts and the claims are so related that they form part of the same controversy under Article III of the United States Constitution.

3.     That the claims against the individual defendants do not raise novel or

M<sup>c</sup>DANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

1

complex issues of state law, do not substantially predominate over the federal claims, and no compelling reasons exist for declining jurisdiction by this Court.

4.     That venue is appropriate in the Jonesboro District because the plaintiff resides in this district. 28 U.S.C. s 1402(a)(1). Venue in the Jonesboro district is superior to venue in the Little Rock district because the plaintiffs currently reside, and did so at the time of the acts referred to in this complaint, in Newport, Arkansas, which is much closer to Jonesboro than Little Rock; and most, if not all, of the anticipated lay damages witnesses live in and around Newport.  Both plaintiffs and their lay witnesses would be substantially financially disadvantaged if the trial was to be held in Little Rock instead of Jonesboro because of the distance and expense of attending this trial which is expected to last approximately seven (7) trial days.  In addition, the acts of the state defendants, Dr. Covert and Dr. Joheim, and any John Doe defendants, occurred in Newport.  Dr. Joheim, at the time of the events referred to in the Complaint and at the time of this filing of this action, resides in Newport, Arkansas. Nursing witnesses in the hospital in Newport would likewise be disadvantaged by the trial in Little Rock instead of Jonesboro.  In addition, plaintiffs counsels' office is in Jonesboro and it would save considerable expense to plaintiffs by having the trial in Jonesboro instead of Little Rock as three of plaintiffs' counsel and one support staff would be required to spend money for hotel and meals during the trial which would ultimately be deducted from any recovery by plaintiffs to their financial

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72441
(870) 932-5950
FAX (870) 932-0919

2

disadvantage. In addition, plaintiffs prefer the trial be held in Jonesboro instead of Little Rock.

5.      That the defendant, George K. Covert, M.D., hereinafter known as Dr. Covert, was, upon information and belief, at all times pertinent to the events referred to in this complaint, a licensed medical doctor practicing as and holding himself out to the public as an emergency physician at the ER of Harris Hospital, 1205 McLain Street, Newport, Jackson County, Arkansas 72112.

6.      That the defendant, Dr. Covert, also, at all times pertinent to the events referred to in this complaint, was engaged in general medical practice at the Covert Clinic, P.A., located at 122 Southern Drive, Ashdown, Little River County, Arkansas 71822.

7.      That the defendant, Jessica Ann Joheim, M.D., hereinafter known as Dr. Joheim, was, upon information and belief, at all times pertinent to the events referred to in this Complaint, a licensed medical doctor (internal medicine) who was practicing as and holding herself out to the public as an emergency physician at the ER of Harris Hospital, 1205 McLain Street, Newport, Arkansas 72112.

8.      That the defendant, Emcare Physician Services, Inc. (EPSI), is a domestic Delaware corporation organized and existing under the laws of the State of Delaware (filing number 2322752) with its offices located at 9 East Loockerman Street, Dover, Delaware 19901.

McDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 South Main
Jonesboro, AR 72401
(870) 932-5950
FAX (870) 932-0919

3

9.     That the defendant, EPSI, is a foreign for-profit corporation operating under the laws of the State of Arkansas (filing number 100113120).

10.     That the defendant, Dr. Covert, was upon information and belief, at all times pertinent to the events referred to in this complaint, an agent, servant, and/or employee of the defendant, EPSI.

11.     That the defendant, Dr. Joheim, was, upon information and belief, at all times pertinent to the events referred to in this complaint, an agent, servant, and/or employee of the defendant, EPSI.

12.     That the defendant, Dr. Covert, at all times pertinent to the events referred to in this complaint, was practicing emergency medicine within the course and scope of his employment as an emergency physician by the defendant, EPSI.

13.     That all the negligent actions, commissions, inactions, and omissions of the defendant, Dr. Covert, are vicariously imputed to the defendant, EPSI, under the legal doctrine of Respondeat Superior and/or actual and/or apparent agency authority.

14.     That the foreign registered agent for the defendant, EPSI, is the Corporation Service Company, Suite 400, 2711 Centerville Road, Wilmington, Delaware 19808.

15.     That the domestic registered agent for the defendant, EPSI, is the Corporation Service Company, Suite 900, 300 Spring Building, 300 South Spring Street, Little Rock, Arkansas 72201.

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

4

16.     That the defendant, Dr. Joheim, at all times pertinent to the events referred to in this complaint, was practicing emergency medicine within the course and scope of her employment as an emergency physician by the defendant, EPSI.

17.     That all the negligent actions, commissions, inactions, and omissions of the defendant, Dr. Joheim, are vicariously imputed to the defendant, EPSI, under the legal doctrine of Respondeat Superior and/or actual and/or apparent agency authority.

18.     That in the event that the defendant, Dr. Covert, was an agent, servant, employee, owner, principal, member, partner and/or shareholder of any other separate entity(ies) which provided emergency physician care services to the emergency room at Harris Hospital, at all times pertinent to the events referred to in this complaint, then that entity(ies) is unknown at this time, despite diligent inquiry and search, and that entity(ies) is now, in the alternative, referred to as John Doe 1, John Doe 2, and/or John Doe 3.

19.     That, in the event paragraph 18 is accurate, all the negligent and wrongful actions, commissions, inactions, and omissions of the defendant, Dr. Covert, are vicariously imputed to the defendants, John Doe 1, John Doe 2, and/or John Doe 3, under the legal doctrine of Respondeat Superior and/or actual and/or apparent agency authority.

20.     That in the event that the defendant, Dr. Joheim, was an agent, servant, employee, owner, principal member, partner and/or shareholder of any other separate entity(ies) which provided emergency physician care services to the emergency room at Harris Hospital, at all times pertinent to the events referred to in this complaint, then that

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

5

entity(ies) is unknown at this time, despite diligent inquiry and search, and that entity(ies)
is now, in the alternative, referred to as John Doe 1, John Doe 2, and/or John Doe 3.

21.     That, in the event paragraph 20 is accurate, all the negligent and wrongful
actions, commissions, inactions, and omissions of the defendant, Dr. Joheim, are vicariously
imputed to the defendants, John Doe 1, John Doe 2, and/or John Doe 3, under the legal
doctrine of Respondeat Superior and or actual and/or apparent agency authority.

22.     That pursuant to Ark. Code Ann. § 16-56-125, any person, for the purpose
of tolling the statute of limitations, may file a Complaint stating his or her cause of action
in the appropriate court of this state, whenever the identity of the tortfeasor is unknown.

23.     That in the alternative, the name of any unknown tortfeasor entity shall be
designated by the pseudo-name John Doe.  Thus, in this case, John Doe 1, John Doe 2
and/or John Doe 3, in the alternative, are the names of the defendants referred to in
paragraphs 18-21 and are the true names of the entity(ies) providing the emergency room
physician medical care given by Dr. Covert and/or Dr. Joheim at Harris Hospital to the
plaintiff, Michael D. Alcorn, on October 31 through November 3, 2008.

24.     That upon determining the true identity of any current unknown tortfeasor
entity(ies), plaintiffs will amend the complaint by substituting the real name for the pseudo-
name.

25.     That the plaintiffs have made diligent inquiry in attempting to ascertain the
correct names, spellings, and titles of the entity(ies) providing emergency medicine

McDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

physician care at Harris Hospital given to the plaintiff, Michael D. Alcorn, on October 31 through November 3, 2008.

26.    That the plaintiffs have attached hereto the affidavit of plaintiffs' attorney that the identity of the tortfeasor(s) is unknown pursuant to Ark. Code Ann. § 16-56-125.

27.    That all the negligent events referred to in this complaint against the defendants, Dr. Covert, Dr. Joheim, ESPI, and certain John Does, occurred in Newport, Jackson County, Arkansas.

28.    That an administrative claim against the United States of America involving medical malpractice was timely filed with the Department of Health and Human Services, Office of General Counsel, General Law Division, Claims and Employment Law Branch on October 8, 2010, and October 27, 2010, See, exhibits "A" and "B." The plaintiffs have pursued their administrative remedies without satisfaction and this action now may be filed. See, exhibit "C."   This claim arises from medical negligence occurring on November 3, 2008, which took place at Central Arkansas Veterans Healthcare System-John L. McClellan Veterans' Hospital (JLMVH), in Little Rock, Arkansas, involving V.A. employees, Steven Kyser, M.D., Michael Smith, RN, BSN, and Yvette D. Hicks, RN.  The United States, through Central Arkansas Veterans Healthcare System (CAVHS) and John L. McClellan Veterans' Hospital (JLMVH), operated as a federally supported health center at all relevant times.

M<sup>c</sup>DANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

7

29.     That CAVHS and JLMVH, at the time of all the events referred to herein, were each an organization and hospital providing both inpatient and outpatient medical services, including the services rendered to plaintiff, Michael D. Alcorn, by Steven Kyser, MD, Michael Smith, RN, BSN, and Yvette D. Hicks, RN., hereinafter referred to as Dr. Kyser, nurse Smith and nurse Hicks, respectively.

30.     That at the time of all the events referred to herein, Dr. Kyser, nurse Smith, and nurse Hicks were a physician and registered nurses, respectively, providing outpatient adult medical ER services at CAVHS and JLMVH in Little Rock, Arkansas.

31.     That CAVHS, JLMVH, Dr. Kyser, nurse Smith, and nurse Hicks, are all deemed to be entities, agents, servants, and/or employees of the United States of America for purposes of the Federal Tort Claims Act which makes the sole remedy in this medical negligence case a claim against the United States of America under the Federal Tort Claims Act.

32.     That the negligence of Dr. Kyser, nurse Smith, and nurse Hicks, is imputed to CAVHS and JLMVH, under the legal doctrine of respondeat superior and the United States is liable for the medical negligence of Dr. Kyser, nurse Smith, and nurse Hicks, in that the negligent actions of Dr. Kyser, nurse Smith, and nurse Hicks, referred to herein, were all carried out while these three people were serving within the scope and course of their respective duties as agents, servants, and/or employees of CAVHS and JLMVH.

33.     That this Court has jurisdiction over this cause of action.

MᶜDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

8

34.     That this Court has jurisdiction over the parties hereto.

35.     That the venue of this action is properly placed with this court.

36.     That this action is timely filed within the applicable statute of limitations.

37.     That the plaintiffs specifically allege that no other person or entity, except as referred to herein, directly or indirectly, provided negligent care which caused or contributed to the damages suffered by the plaintiffs, other than defendants referred to herein.

38.     That on October 31, 2008, the plaintiff, Michael D. Alcorn, was seen by the defendant, Dr. Covert, in the ER at Harris Hospital with a chief complaint of constant right foot pain starting that morning and extending up into the right calf.  The pain was 8 on a scale of 1-10 and was unassociated with any trauma or injury.

39.     That no physical exam of any type was recorded as being done by the defendant, Dr. Covert, on the plaintiff's right foot and/or leg.

40.     That the ER nurse, Terry Gaither, R.N., seeing the plaintiff, recorded that the plaintiff's right foot was cool to touch.

41.     That the defendant, Dr. Covert, ordered no lab work, x-rays, or any other evaluation of the plaintiff's symptoms and signs.

42.     That the defendant, Dr. Covert, discharged the plaintiff with an incorrect diagnosis of right peroneal nerve palsy without any treatment for his pain.  On discharge

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

9

disposition, Dr. Covert recorded the plaintiff's discharge condition to be emergent. Despite this, Dr. Covert did not consult with another physician regarding the plaintiff's diagnosis.

43.     That on November 1, 2008, the plaintiff, Michael D. Alcorn, returned to the ER at Harris Hospital with continued constant pain in his right foot still at a level of 8 on a scale of 1 - 10, with the pain worsened by movement of the foot. Plain x-rays of the right foot and ankle were normal. Plaintiff was seen by the defendant, Dr. Joheim. Her discharge diagnosis was neuropathy and the plaintiff was given Neurontin 300 mg one each night.

44.     That, on November 3, 2008, the plaintiff, Michael D. Alcorn again returned to the ER at Harris Hospital and was again seen by the defendant, Dr. Joheim, with continued pain in his right foot now at a level of 10 on a scale of 1 -10 with the pain exacerbated by movement and unrelieved by the Neurontin.

45.     That the defendant, Dr. Joheim, recorded no abnormalities on the examination of the plaintiff's right lower extremity; however, the nurse, Donna Peel, R.N., recorded the plaintiff's right foot as cool to touch, the right pedal pulse as one plus, and the right foot was very sensitive to touch.

46.     That the defendant, Dr. Joheim, ordered no lab work or other diagnostic studies upon the plaintiff.

MᶜDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

10

47.     That the defendant, Dr. Joheim, made an incorrect discharge diagnosis of peripheral neuropathy and discharged the plaintiff on an increased dose of Neurontin of 300 mg three times a day.

48.     That the plaintiff, Michael D. Alcorn, went to the V.A. Hospital in Little Rock on November 3, 2008, after leaving the ER at Harris Hospital because of the severe pain in his right foot arriving there via wheelchair.  The plaintiff was seen in the ER at the V.A. Hospital by Steven Kyser, M.D., and nurse Michael Smith and nurse Hicks.

49.     That on November 3, 2008, plaintiff, Michael D. Alcorn, presented himself to the adult outpatient clinic of the defendants, JLMVH, complaining of onset of sudden severe pain in his right foot which was rated as 10 on a scale of 1 to 10.  There was no history of trauma. The plaintiff, Michael D. Alcorn, had been seen three previous times in a local ER at Harris Hospital in Newport, Arkansas, where he was told he had peripheral neuropathy and had been treated with neurontin, which provided very little, if any, relief. The plaintiff, Michael D. Alcorn, had no history of diabetes mellitus or any other disease process that would cause a peripheral neuropathy, especially a unilateral peripheral neuropathy.

50.     That the plaintiff, Michael D. Alcorn, admitted to tobacco use.   On presentation to the adult outpatient clinic, the plaintiff, Michael D. Alcorn, was traveling by wheelchair and had no shoe on his right foot due to the severe pain.  The plaintiff, Michael D. Alcorn, related that he had experienced several falls recently due to the pain in

McDaniel
• WELLS, P.A.
–Attorneys–
400 South Main
Jonesboro, AR 72401
(870) 932-5950
Fax (870) 932-0919

11

his right foot and his inability to bear weight on the foot.  The foot was noted to be cool to touch on examination.  The plaintiff, Michael D. Alcorn, had a fever of 100.1 F.

51.     That the plaintiff, Michael D. Alcorn, was seen by Dr. Kyser and nurse Smith and nurse Hicks.  The only evaluation of Michael D. Alcorn's foot ordered by Dr. Kyser was a plain radiograph of both feet, which revealed bilateral calcaneal spurs.

52.     That the plaintiff, Michael D. Alcorn, was discharged with a diagnosis of right foot pain and was erroneously told by the clinic personnel the pain was due to calcaneal spurs. The plaintiff, Michael D. Alcorn, was given an increased dose of neurontin to 600mg tid and hydrocodone 7.5/500 qid and told to keep his regular scheduled appointment with his V.A. primary care physician in 2 days.

53.     That Dr. Kyser did not record any examination of the pedal pulses in either of the plaintiff's, Michael D. Alcorn's, feet, either by palpation or by doppler exam.

54.     That Dr. Kyser did not record any measurement of the ankle brachial blood pressure index in either of the plaintiff's, Michael D. Alcorn's, legs.

55.     That Dr. Kyser did not record any sensory examination or motor examination of the plaintiff's, Michael D. Alcorn's, feet.

56.     That there is no evidence in the medical record that Dr. Kyser questioned the plaintiff, Michael D. Alcorn, about any previous episodes of exercise induced claudication of the legs.

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

12

57.     That there is no evidence in the medical record that Dr. Kyser determined the capillary refill time in the toes of the plaintiff's, Michael D. Alcorn's, feet.

58.     That there is no evidence in the medical record that Dr. Kyser examined or evaluated the plaintiff, Michael D. Alcorn, for the presence of atrial fibrillation, atrial flutter, or other cardiac arrhythmia that might produce peripheral embolization.

59.     That there is no evidence in the medical record that Dr. Kyser considered the possibility that the plaintiff, Michael D. Alcorn, could have insufficient arterial blood flow to the right lower extremity.

60.     That neither nurse Smith and/or Hicks documented any physical exam findings on plaintiff, Michael Alcorn, except that he was febrile and his right foot was cool.

61.     That on November 5, 2008, the plaintiff, Michael D. Alcorn, returned to the primary care clinic at JLMVH, as he had been instructed to do on November 3, 2008.  The plaintiff's right foot was evaluated again and found to be cold, insensate, immobile, and painful.  The plaintiff related the onset of 1 block claudication in the right leg 1 week earlier. Arterial vascular studies on the right lower leg done on November 5, 2008, revealed moderately reduced ankle brachial indices, no detectable digital waveforms and occlusion of the posterior tibial artery at the ankle.

62.     That the plaintiff, Michael D. Alcorn, was subsequently seen at the University of Arkansas for Medical Sciences (UAMS) Medical Center on November 7, 2008, and was found to have an ischemic right lower leg, as evidenced by the performance of an aortagram

M©DANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

13

and bilateral lower extremity arteriogram.  On November 10, 2008 the plaintiff required a

right below the knee amputation.

63.    That the defendant, Dr. Covert, negligently failed to act in accordance with

the accepted standard of care for an emergency physician in his evaluation and treatment

of the plaintiff, Michael D. Alcorn, on October 31, 2008, in the following respects,

including, but not limited to:

a.    Dr. Covert negligently never recorded any physical exam being done by him of the plaintiff's right lower leg, which was the site of the plaintiff's chief complaint;

b.    Dr. Covert negligently failed to address the physical findings by Terry Gaither, R.N., that the plaintiff's right foot was cool to touch;

c.    Dr. Covert negligently ordered no lab work, x-rays or any other special or specific evaluation of the plaintiff's right lower leg pain such as a Doppler examination;

d.    Dr. Covert negligently did no examination of the pulses in the lower extremities, no blood pressure (BP) recordings in the lower extremities, and no neurologic examination of the lower extremities;

e.    Dr. Covert negligently discharged the plaintiff from the ER still with a pain level of 8 on a scale of 1 - 10 (as had been present on admission to the ER) and in an emergent condition without any pain medication treatment at all and without seeking any consultation with another physician;

f.    Dr. Covert negligently failed to do a proper differential diagnosis and rule in or rule out the potential causes of the plaintiff's presenting signs and symptoms;

g.    Dr. Covert negligently failed to properly diagnose and treat the peripheral artery occlusion which was the cause of and accounted for the plaintiff's presenting signs and symptoms; and,

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

14

h.  Dr. Covert negligently fell below the accepted standard of emergency physician care in his evaluation, diagnosis, and treatment of Michael D. Alcorn on October 31, 2008.

64.  That the defendant, Dr. Joheim, negligently failed to act in accordance with the accepted standard of care for an emergency physician in her evaluation and treatment of the plaintiff, Michael D. Alcorn, on November 1, and on November 3, 2008, in the following respects, including, but not limited to:

a.  On November 1, 2008, Dr. Joheim negligently failed to check and document BP in the lower extremities of the plaintiff and negligently failed to check pulses in the lower extremities of the plaintiff;

b.  On November 1, 2008, Dr. Joheim negligently failed to perform and document any sensory exam on the lower extremities of the plaintiff despite her incorrect discharge diagnosis of neuropathy;

c.  On November 1, 2008, Dr. Joheim negligently failed to do any special or specific evaluation of the plaintiff's non-injury associated right lower extremity pain, such as a Doppler examination;

d.  On November 1, 2008, Dr. Joheim negligently did not consult the ER chart from October 31, 2008, to review the history and findings of the plaintiff on the previous day's visit; or, if she did, Dr. Joheim did not address the nurse's finding of a cool right foot on October 31, 2008;

e.  Dr. Joheim negligently discharged the plaintiff from the ER on November 1, 2008, with a pain level of 8, in the right lower extremity on a scale of 1 -10 which had been present on admission on both October 31 and on November 1, without consultation with another physician in the face of x-rays of the ankle and foot negative for any acute abnormality, and with the plaintiff having no history to support a diagnosis of neuropathy and treatment plan of Neurontin 300 mg daily;

f.  On November 3, 2008, Dr. Joheim negligently did not obtain BP readings from the lower extremities of the plaintiff, did not evaluate the pulses in the lower extremities of the plaintiff, failed to do a sensory examination in the

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

15

lower extremities of the plaintiff, and failed to do a Doppler examination of the pedal pulses of the plaintiff;

g.    Dr. Joheim, on November 3, 2008, negligently failed to consult any other physician despite this being the plaintiff's third visit in four days to the ER for the same complaint and; furthermore, despite the plaintiff's right foot pain now being 10 on admission on a scale of 1 - 10 despite failed treatment with Neurontin starting two days previously;

h.    On November 3, 2008, Dr. Joheim again negligently discharged the plaintiff with an erroneous diagnosis of peripheral neuropathy with no history, physical findings, or test results to support this diagnosis without any treatment other than increasing the Neurontin dose to three times a day;

i.    Dr. Joheim on November 3, 2008, negligently failed to address the history and physical findings by Donna Peel, R.N., that the plaintiff's right foot pain had become "worse over the last few days," that the plaintiff's right foot was "sensitive to touch," that the plaintiff's right foot was "cool to touch," that the plaintiff's right "pedal pulse was one plus," that the right foot "pain is exacerbated by movement," and that the right foot "pain is unrelieved by prescription meds;"

j.    On both November 1, and November 3, 2008, Dr. Joheim negligently failed to do a proper differential diagnosis and rule in or rule out the potential causes of the plaintiff's presenting signs and symptoms;

k.    On both November 1, and November 3, 2008, Dr. Joheim negligently failed to properly diagnose and treat the peripheral artery occlusion which was the cause of and accounted for the plaintiff's presenting signs and symptoms; and,

l.    Dr. Joheim consistently negligently fell below the accepted standard of emergency physician care in her evaluation, diagnosis, and treatment of the plaintiff on both November 1 and November 3, 2008.

65.    That the negligence of the defendant, Dr. Covert, was a concurring proximate

cause of the injury to and damages of the plaintiff, Michael D. Alcorn.

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

16

66.     That the negligence of the defendant, Dr. Joheim, was a concurring proximate cause of the injury to and damages of the plaintiff, Michael D. Alcorn.

67.     That both these defendant physicians, Dr. Covert and Dr. Joheim, were negligent in the emergency medicine care they provided to plaintiff, Michael D. Alcorn. Both of these defendant physicians' conduct during their emergency medicine care of the plaintiff, Michael D. Alcorn, was below the accepted standard of medical care for emergency medicine physicians in Newport, Arkansas, or in a similar locality, under the same or similar circumstances, including, but not limited to, the particular acts of medical negligence set forth above, in the same or similar locality, and under the same or similar circumstances. Furthermore, these defendants were under a duty to use the care and skill ordinarily exercised and possessed in like cases by competent members of their profession practicing in the same or similar locality under the same or similar circumstances.

68.     That in their providing of emergency medicine medical services and care, both of these defendant physicians had the duty to have the degree of skill and learning ordinarily possessed by emergency medicine physicians practicing in the same field and of good standing, practicing in the same field and of good standing, practicing in the same or similar locality under the same or similar circumstances.

69.     That the defendants, Dr. Covert and Dr. Joheim, were each negligent and both were individually, collectively, and concurrently negligent in their emergency medicine care

MᶜDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

17

of plaintiff, Michael D. Alcorn during the plaintiff's ER visits at Harris Hospital on October

31, 2008,  November 1, 2008, and November 3, 2008.

      70.     That Dr. Kyser was negligent and fell below the accepted standard of care in

providing evaluation, diagnosis, and treatment of the plaintiff, Michael D. Alcorn, in the

following particulars, including, but not limited to:

a.     Dr. Kyser negligently failed to obtain and document a thorough and proper history on Michael D. Alcorn;

b.     Dr. Kyser negligently failed to perform and document a proper and complete physical evaluation on Michael D. Alcorn;

c.     Dr. Kyser negligently failed to perform and document any palpation and/or doppler examination of pedal pulses on Michael D. Alcorn;

d.     Dr. Kyser negligently failed to order proper laboratory evaluations on Michael D. Alcorn such as duplex arterial ultrasounds of the legs or lower extremity arteriograms;

e.     Dr. Kyser negligently failed to perform and document any cardiovascular exam on Michael D. Alcorn;

f.     Dr. Kyser negligently failed to order an EKG or rhythm strip on Michael D. Alcorn;

g.     Dr. Kyser negligently failed to order an echocardiogram on Michael D. Alcorn;

h.     Dr. Kyser negligently failed to do a proper differential diagnosis and rule in or rule out the potential causes of the plaintiff's presenting signs and symptoms;

i.     Dr. Kyser negligently failed to properly diagnose and treat the peripheral artery occlusion which was the cause of and accounted for the plaintiff's presenting signs and symptoms; and,

MᶜDANIEL

• WELLS, P.A.

–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

18

j.    Dr. Kyser failed to meet the standard of care in the evaluation, diagnosis, referral and treatment of Michael D. Alcorn on November 3, 2008.

71.    That in the providing of professional physician services by Dr. Kyser to Michael D. Alcorn, Dr. Kyser had the duty to have the degree of skill and learning ordinarily possessed by a physician specializing in his same field of practice and of good standing, practicing in the same or similar locality and under the same or similar circumstances. Furthermore, Dr. Kyser was under a duty to use the care and skill ordinarily exercised and possessed in like cases by competent members of his profession practicing in the same or similar locality under the same or similar circumstances.

72.    That the two nurses at CAVHS and JLMVH, nurse Smith and nurse Hicks, were both and each negligent in the following particulars, including, but not limited to:

a.    Both nurse Smith and nurse Hicks negligently failed to obtain a property history;

b.    Both nurse Smith and nurse Hicks negligently failed to perform a proper assessment;

c.    Both nurse Smith and nurse Hicks negligently failed to document findings;

d.    Both nurse Smith and nurse Hicks negligently failed to inform the physician of the history, their observations and nursing assessment;

e.    Both nurse Smith and nurse Hicks negligently failed to take and document vital signs and capillary refill;

f.    Both nurse Smith and nurse Hicks negligently failed to assess temperature of the right foot compared to the left;

g.    Both nurse Smith and nurse Hicks negligently failed to assess pedal pulses;

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

19

h.  Both nurse Smith and nurse Hicks negligently failed to document a thorough nursing history and communicate history to the physician;

i.  Both nurse Smith and nurse Hicks were negligent in not going up the chain of command in the nursing service at JLMVH to prevent Dr. Kyser from discharging Michael D. Alcorn from JLMVH with such severe right foot pain as described herein without a more thorough evaluation and with a diagnosis of right foot pain due to calcaneal spurs; and,

j.  Both nurse Smith and nurse Hicks were generally negligent and failed to use the ordinary care of a registered nurse under the same or similar circumstances then and there existing or present in a same or similar locality.

73.    That in the providing of professional nursing services by nurse Smith and nurse Hicks to Michael D. Alcorn, nurse Smith and nurse Hicks, each, and both, had the duty to have the degree of skill and learning ordinarily possessed by a registered nurse practicing in their same field and of good standing, practicing in the same or similar circumstances n the same or similar locality.  Furthermore, nurse Smith and nurse Hicks, each, and both, were under a duty to use the care and skill ordinarily exercised and possessed in like cases by competent members of their profession practicing in the same or similar locality under the same or similar circumstances.

74.    That the defendants, CAVHS and JLMVH, were each negligent, and both were individually, collectively, and concurrently negligent in the medical care and nursing care of the plaintiff, Michael D. Alcorn, on November 3, 2008, which was a concurring proximate cause of the injuries and damages suffered by plaintiff, Michael D. Alcorn.

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

20

75.   That the acts of negligence and deviations from the accepted standard of care by the defendants, CAVHS and JLMVH, in their care of the plaintiff, Michael D. Alcorn, include, but are not limited to, the following acts:

a.   These defendants negligently failed to properly education, train, supervise, and control their physicians and nurses;

b.   These defendants negligently failed to have appropriate policies, procedures, and protocols in place for the proper medical and nursing care of an outpatient in the emergency department such as Michael D. Alcorn and/or to see to it that these policies, procedures and protocols were properly and timely enforced and followed by all medical and nursing personnel in order to properly evaluate, diagnose, and treat a patient for lower extremity arterial vascular insufficiency; and,

c.   These defendants generally negligently failed to comply with the accepted standard of care for an acute care medical-surgical hospital in its care of Michael D. Alcorn.

76.   That in the providing of medical care by all the physicians, registered nurses and institutional entities to the plaintiff, Michael D. Alcorn, all of these physicians, registered nurses and institutional entities, individually, collectively, and concurrently, had the duty to have the degree of skill and learning ordinarily possessed by such physicians, registered nurses and institutional entities, specializing in the same field of practice and of good standing, practicing in the same or similar locality and under the same or similar circumstances.   Furthermore, all these physicians, registered nurses, and institutional entities, individually, collectively, and concurrently, were under a duty to use the care and skill ordinarily exercised and possessed in like cases by competent members of their

MCDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

21

respective profession and specialty practicing and/or located in the same or similar locality under the same or similar circumstances.

77.     That as a proximate result of the concurring acts of medical negligence of all the defendants named herein and any employees thereof, the plaintiff, Michael D. Alcorn is entitled to recover damages for his permanent injuries and all elements of damages, in an amount to be set by a jury in excess of the amount required for federal court diversity jurisdiction, and all elements of damages, as allowed by law, including, but not limited to:

a.     All medical expenses incurred on behalf of Michael D. Alcorn related to the events referred to herein from October 31, 2008, to the present, and into the future;

b.     All physical pain and suffering of Michael D. Alcorn related to the events referred to herein from October 31, 2008, to the present, and into the future;

c.     Mental Anguish, pain, and suffering of Michael D. Alcorn related to the events referred to herein from October 31, 2008, to the present, and into the future;

d.     Past lost earnings and earnings capacity of Michael D. Alcorn;

e.     Future lost earnings capacity of Michael D. Alcorn;

f.     Loss of Michael D. Alcorn's right lower leg;

g.     Total and permanent disability of Michael D. Alcorn;

h.     Scars, disfigurement, and visible results of injury to Michael D. Alcorn;

i.     Cost of all prosthesis and durable medical goods, in the past and in the future, for Michael D. Alcorn; and,

McDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

22

j.    All other damages recoverable under Arkansas law with all such damages to be set by a jury in excess of the amount required for federal court diversity jurisdiction against each defendant.

78.    That as a proximate result of the concurring acts of the negligence by the defendants herein and its employees, the plaintiff, Mildred Alcorn, wife of the plaintiff, Michael D. Alcorn, has lost the society, services, companionship, marriage relationship, and consortium of her husband, Michael D. Alcorn, and should be compensated in an amount to be set by the jury in excess of the amount required for federal court diversity jurisdiction as against each defendant.

79.    That each single act of medical negligence by all of the physicians, registered nurses, and institutional entities and their employees set forth herein individually, collectively, concurrently, and the combination of all of these acts actually, proximately, and concurrently led to the untimely and wrongful right below the knee amputation done on the plaintiff, Michael D. Alcorn, on November 10, 2008.

80 .    That the plaintiffs specifically reserve the right to amend this complaint and plead further in this case.

81.    That the plaintiffs respectfully demand a jury of twelve (12) persons to try this case as to the state court defendants and the FTCA claims against the United States of America be simultaneously tried to the Court with the jury serving in an advisory capacity to the Court as to the FTCA claims.

McDANIEL
• WELLS, P.A.
–ATTORNEYS–

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

23

WHEREFORE, Plaintiffs respectfully pray that they have and recover judgment from and against the Defendants, jointly and severally, for compensatory damages in an amount to be set in excess of the amount required for federal court diversity jurisdiction, against each defendant, for all elements of damages as set forth herein and as allowed by law, plus their costs and all other relief to which they may be entitled.

Respectfully submitted,

Rodney Chedister
Attorney at Law
603 West Matthews Avenue
Jonesboro, A  72401
(870) 275-7916

- - AND - -

McDANIEL & WELLS, P.A.
Bobby McDaniel
David K. Sarver, M.D., J.D.
Attorneys at Law
400 South Main
Jonesboro, AR  72401
(870) 932-5950

By: _____
      Bobby McDaniel
      Arkansas Bar #72083

MCDANIEL
• WELLS, P.A.
-ATTORNEYS-

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

24

## CERTIFICATE OF SERVICE

In accordance with the Arkansas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record via:

\_\_\_\_\_ CERTIFIED MAIL / RETURN RECEIPT REQUESTED

\_\_\_\_\_ TELEPHONIC DOCUMENT TRANSFER (FAX)

\_\_\_\_\_ FEDERAL EXPRESS / EXPRESS MAIL

\_\_\_\_\_ COURIER / RECEIPTED DELIVERY

\_\_\_\_\_ REGISTERED MAIL / RETURN RECEIPT REQUESTED

\_\_\_\_\_ HAND DELIVER (IN PERSON)

✓ REGULAR MAIL

✓ EMAIL

DATED: 8/13/13

Bobby McDaniel

Paul McNeill
Womack, Phelps & McNeill
3rd Fl.
301 W. Washington
PO Box 3077
Jonesboro, AR 72403

McDANIEL
• WELLS, P.A.
–ATTORNEYS–
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 932-5950
FAX (870) 932-0919

25